UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES ALLEN, JEANNE ALLEN<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al,<br><br>Defendants. | SA CV 15-00559 AG (JCx)<br><br>**PROTECTIVE ORDER GOVERNING ACCESS TO, HANDLING OF, AND DISPOSITION OF POTENTIAL SENSITIVE SECURITY INFORMATION**<br><br>[CHANGES MADE BY COURT TO PARAGRAPHS 7.1. 7.2. 7.3] |

Upon consideration of the Stipulation filed by the parties requesting that the Court issue a Protective Order in regard to Sensitive Security Information (SSI) and for good cause shown, the stipulated request is GRANTED.

In accordance with Section 525(d) of the Department of Homeland Security Appropriations Act, 2007, Public Law No. 109-295, § 525(d), 120 Stat. 1382, 1355 (Oct. 4, 2006), as reenacted (the "Act"), the Court hereby enters this Protective Order

1

Governing Access to, Handling of, and Disposition of Potential Sensitive Security Information (the "Order") exchanged in the above-captioned matter (this "Litigation").**1.**

**Scope**

1.1 This Order shall govern any Document, information or other material that contains "Sensitive Security Information" as defined herein, including Documents potentially containing Sensitive Security Information.

1.2 Nothing contained herein alters or affects or in any manner changes a Covered Person's obligations and duties as set forth in 49 C.F.R. Part 1520.

**2. Definitions**

2.1 <u>Cleared Counsel</u>. The term "Cleared Counsel" shall refer to the two attorneys representing the Plaintiffs in this Litigation, who are not otherwise authorized to have access to Sensitive Security Information pursuant to 49 C.F.R. Part 1520, but whom the Transportation Security Administration ("TSA") has cleared for access to specific Sensitive Security Information after determining that such access does not present a risk of harm to the nation based upon a criminal history records check, terrorist threat assessment, and evaluation of the sensitivity of the information as mandated by Section 525(d) of the Act. Cleared Counsel must agree to be bound by the terms of this Protective Order by signing attached EXHIBIT A.

2.2 <u>Covered Person</u>.  The term "Covered Person" shall refer to any person who is authorized to have access to specific Sensitive Security Information pursuant to 49

2

C.F.R §§ 1520.7 and 1520.11.

    2.3    <u>Documents</u>. The term "Documents" shall include, but is not limited to, all written or printed matter of any kind, formal or informal, including originals, conforming and nonconforming copies (whether different from the original by reason of notation made on such copies or otherwise). The term further includes, but is not limited to, the following:

    a. papers, correspondence, memoranda, notes, letters, reports, summaries, photographs, maps, charts, graphs, inter-office and intra-office communications, notations of any sort concerning conversations, meetings, or other communications, bulletins, teletypes, telegrams, telefacsimiles, invoices, worksheets, transcripts of any kind (including depositions and Court proceedings), legal briefs, pleadings and papers (including those filed with the Court) and drafts, alterations, modifications, changes and amendments of any kind to the foregoing;

    b.    graphic or oral records or representations of any kind, including, but not limited to, photographs, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind, and motion pictures;

    c.    electronic, mechanical or electric records of any kind, including, but not limited to, tapes, cassettes, disks, recordings, electronic mail, films, typewriter ribbons, word processing or other computer tapes or disks, and all manner of electronic data processing storage.

2.4     Restricted Use Document. The term "Restricted Use Document" shall refer to any Document that contains Sensitive Security Information.

2.5     Sensitive Security Information. The term "Sensitive Security Information" shall have the meaning set forth in 49 U.S.C. § 114(r)(1)(C), 49 C.F.R. § 1520.1 et seq., and as designated in orders issued by TSA pursuant to 49 U.S.C. § 114(r).

3.     **Access to Sensitive Security Information**

3.1     Access to the Sensitive Security Information under the terms and conditions of this Order shall be restricted to:

a. Covered Persons;

b. Cleared Counsel;

c. Designated court personnel; and,

d. Court reporters retained by the parties for purposes recording depositions and who have signed a TSA-approved Non-Disclosure Agreement.

3.2     If Cleared Counsel seeks access to the Sensitive Security Information contained in any Restricted Use Document, Cleared Counsel must make a showing to TSA that they: (a) have a substantial need for relevant Sensitive Security Information in the preparation of this case, and, (b) are unable without undue hardship to obtain the substantial equivalent of the relevant Sensitive Security Information by other means. If TSA determines that the Cleared Counsel seeking access has successfully made such showings, TSA will grant Cleared Counsel access to the specific Sensitive Security

4

Information if TSA determines that such access would not present a risk of harm to the nation.

3.3     Should Cleared Counsel cease representing the Plaintiffs in this Litigation, for whatever reason, such Cleared Counsel shall no longer be cleared for access to Sensitive Security Information. Plaintiffs may elect to have a new attorney undergo the vetting process described in Section 525(d) of the Act in order to obtain access to Sensitive Security Information in this Litigation.

3.4     In the event that Cleared Counsel loses or relinquishes their clearance for access to Sensitive Security Information, for whatever reason, the former Cleared Counsel must promptly certify in writing to TSA that all Sensitive Security Information in their custody has been destroyed or that all Sensitive Security Information in their custody has been transferred to the new Cleared Counsel in this Litigation.

3.5     All Restricted Use Documents subject to this Order in the possession of Cleared Counsel shall be certified in writing to have been destroyed within 60 days of termination of this Litigation, including any appellate proceedings.

**4.     Non-Disclosure of Sensitive Security Information**

4.1     Except as provided in this Order, persons authorized to have access to Sensitive Security Information pursuant to 3.1 of this Order are prohibited from disclosing, in any manner, or otherwise providing access to, Sensitive Security Information, however obtained, to any individual or entity.

4.2  Except as provided in this Order, persons authorized to have access to Sensitive Security Information pursuant to Section 3.1 of this Order are prohibited from aiding or assisting any person or entity in disclosing, in any manner, or otherwise providing access to, Sensitive Security Information.

**5.  Handling of Sensitive Security Information**

5.1  All documents subject to this Order shall be marked as "SUBJECT TO SENSITIVE SECURITY INFORMATION (SSI) PROTECTIVE ORDER IN <u>ALLEN V. UNITED STATES OF AMERICA, ET AL</u>., CIVIL ACTION NO. 15-00559 AG (RNBx) (CENTRAL DISTRICT OF CALIFORNIA) THIS RECORD MAY CONTAIN SSI THAT IS CONTROLLED UNDER 49 CFR PART 1520. UNAUTHORIZED RELEASE MAY RESULT IN CIVIL PENALTY OR OTHER ACTION."  Documents containing SSI that inadvertently have not been marked as SSI still must be safeguarded against unauthorized disclosure.

5.2  All Restricted Use Documents shall be produced by creating password-protected Adobe PDF files or video files of the authorized Restricted Use Documents and copying them on to a DVD-ROM or encrypted storage device and sending the DVD-ROM or storage device by mail, courier, or overnight delivery service with the password provided only via email.

5.3  Only persons authorized to have access to Sensitive Security Information pursuant to Section 3.1 of this Order may maintain custody of the DVD-ROM or storage

6

device containing Restricted Use Document(s), and such persons have a duty to safeguard the DVD-ROM or storage device, the Restricted Use Document(s), and the Sensitive Security Information contained therein, from unauthorized disclosure. When not in the physical possession of such persons, the DVD-ROM or storage device containing the Restricted Use Document(s) shall be stored in a secured container, such as a locked desk or file cabinet.

  5.4 Persons authorized to have access to Sensitive Security Information pursuant to Section 3.1 of this Order may create Documents containing Sensitive Security Information found in a Restricted Use Document, provided that any such Document is secured in the same or equivalent manner, to the same or equivalent extent, and with the same restrictions on access as the DVD-ROM or storage device containing the Restricted Use Document as set forth in this Section 4.

**6.** **Use of Sensitive Security Information in Depositions and Examinations**

  6.1 Sensitive Security Information that is authorized for production pursuant to this Order may be used and/or elicited during the deposition or examination of a witness, provided such witness is a Covered Person, subject to the following restrictions:

   6.1.1 Only the individuals identified in Section 3.1 of this Order may be present in the room when such Sensitive Security Information is used and/or elicited.

   6.1.2 The court reporter shall secure the Restricted Use Documents in the same manner, to the same extent, and with the same restrictions on access prescribed in

this Order.

6.2 The court reporter who records a deposition shall promptly submit the deposition transcript to TSA for review. TSA shall promptly complete a review within ten business days of receipt to determine if a deposition transcript contains Sensitive Security Information. To the extent that TSA determines, upon review of the deposition transcript, that the transcript contains Sensitive Security Information that is appropriate for release pursuant to this Order, TSA shall authorize the transcript for release to counsel for Covered Persons and to Cleared Counsel.

**7.     Use of Sensitive Security Information in Motions and Court Proceedings**

7.1 Any Party who wishes to use a Restricted Use Document or the Sensitive Security Information contained therein in connection with a motion or other submission to this Court must submit the Restricted Use Document and any pleadings, motions or other papers containing Sensitive Security Information for filing under seal in accordance with Local Rule 79-5.  Where possible, only the portions of the filings that contain Sensitive Security Information shall be submitted for filing under seal in accordance with Local Rule 79-5.

7.2 All court proceedings, or portions thereof, in which Sensitive Security Information may be disclosed, shall be closed to the public absent further order of the Court.  If there is a possibility that Sensitive Security Information may be disclosed during any portion of the trial, such as the testimony of a particular witness, the

8

courtroom shall be closed to the public for that portion absent further order of the Court.

7.3     Cleared counsel may use SSI disclosed to them in this Litigation only for the purposes of the Litigation.  SSI may not be further disseminated, including to a jury, except with written permission from TSA, absent further order of the Court.

8.     **Dispute Resolution**

8.1     To the extent there is a dispute between the Parties concerning whether information constitutes Sensitive Security Information, Cleared Counsel shall refer the matter to TSA for a determination by the close of discovery. If Cleared Counsel does not agree with TSA's determination it shall request in writing that TSA issue a final order pursuant to 49 U.S.C. § 114(r) designating such information as Sensitive Security Information. TSA final orders concerning the designation of information as Sensitive Security Information are reviewable exclusively in the United States Court of Appeals in accordance with 49 U.S.C. § 46110.

8.2     To the extent there is a dispute concerning whether specific redacted or withheld Sensitive Security Information should be authorized for production under this Order and Section 525(d) of the Act, the Parties shall meet and confer in an attempt to resolve the dispute consensually. For all unresolved disputes concerning whether specific Sensitive Security Information should be authorized for production, Cleared Counsel may submit the dispute to the appropriate Court as follows:  TSA final determinations concerning granting or denying access to specific Sensitive Security Information based

upon relevance, substantial need, and the ability to obtain information without undue hardship, are reviewable by this Court; TSA final orders concerning whether a risk of harm to the nation is presented by granting access to specific Sensitive Security Information, either because of the sensitivity of the information or the results of the criminal history records check and terrorist threat assessment as set forth in Section 525(d) of the Act, are reviewable exclusively by the Court of Appeals in accordance with 49 U.S.C. § 46110.

**9.    Unauthorized Disclosure**

9.1    If Sensitive Security Information is disclosed other than as authorized by this Order, the person responsible for the unauthorized disclosure, and any other person, firm or entity that is subject to this Order and learns of the unauthorized disclosure, shall immediately bring such disclosure to the attention of TSA.

9.2    The person responsible for the unauthorized disclosure shall make every effort to obtain the return of the Sensitive Security Information (including, without limitation, from the person to whom the unauthorized disclosure was made and from any other person to whom Sensitive Security Information was transmitted as a direct or indirect result of the unauthorized disclosure) and to prevent further disclosure on its own part or on the part of any person to whom the unauthorized disclosure was made.

9.3    In addition to any other remedies that are available under law, any person, firm or entity responsible for an unauthorized disclosure of Sensitive Security

Information protected by this Order may be subject to a civil penalty by TSA of up to $50,000 per violation, and all other remedies provided under 49 C.F.R. § 1520.17.

9.4   In the event that TSA determines that Cleared Counsel has intentionally, willfully or recklessly disclosed Sensitive Security Information in violation of this Order, TSA may, in the exercise of its sole discretion, and in addition to the remedies authorized above in paragraph 9.3, revoke such Cleared Counsel's clearance for access to Sensitive Security Information. Furthermore, TSA may consider such intentional, willful or reckless disclosure in determining whether granting access to Sensitive Security Information to any member of a firm or entity that employed such Cleared Counsel, and/or to the Party whom that Cleared Counsel represents in this Litigation.

**10.   Reservation of Rights**

10.1   In the event that TSA determines that a Document containing Sensitive Security Information, or portion thereof, was inappropriately produced, TSA reserves the right to remove the Document, or portion thereof, from this Litigation, and to take any other measures necessary to protect the Sensitive Security Information at issue.

///

///

///

///

///

11

10.2   This Order is without prejudice to the rights of any party to make any objection to discovery or use of SSI, or documents that may contain SSI, permitted by the Federal Rules of Civil Procedure, the Federal Rules of Evidence or any statute, regulation, or other authority.

IT IS SO ORDERED.

Dated this 21st day of July, 2016.

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER
REGARDING SENSITIVE SECURITY INFORMATION
ALLEN, ET AL V. UNITED STATES, ET AL, CASE NO. 15-CV-00559 AG (JCx)

I reside at _____ in the City of _____, County of _____.
My present employer is _____. My present occupation is _____.

I understand that I will have access to and will be examining documents that contain protected sensitive security information as defined in 49 U.S.C. § 114(r) and 49 C.F.R. pt. 1520. I have read and understand the Stipulation and Protective Order Regarding Sensitive Security Information covering these documents, and pledge to comply with all the provisions of that Protective Order. Furthermore, I certify that I am a Cleared Counsel as defined in Paragraph 2.1 of the Protective Order.

I will maintain all Restricted Use Documents, as defined in Paragraph 2.4 of the Protective Order, according to all the provisions of the Protective Order.

_____        _____
DATE                                SIGNATURE

                                                    _____
                                                    FULL NAME